## Mewhorter *against* Jamison.

If an execution issued by a justice of the peace be set aside on *certiorari*, there can be no recovery on a bond taken by the constable for the delivery of property levied on such execution.

A constable who through neglect of duty becomes liable for and pays the amount of an execution directed to him cannot recover it from the original defendant.

ERROR to the common pleas of *Westmoreland* county.
John Mewhorter against John Jamison.

It is agreed that the following case stated be submitted to the court of common pleas of Westmoreland county, to be considered in the nature of a special verdict, with privilege to either party to prosecute a writ of error.

The above action is an appeal from the judgment of John Begham, Esquire, in favour of plaintiff, founded upon the following writing, to wit : "We, John Jamison and Robert Callan, or either of us, are held and firmly bound unto John Mewhorter, constable, in the sum of 20 dollars, upon condition that the said John Jamison shall deliver John Mewhorter the following goods and chattels : four head of cow cattle on the 28th instant, at the house of James M'Cormick, which were taken in execution as the property of John Jamison, at the suit of Pinney and Purdy against John Jamison, or pay

[Mewhorter. v. Jamison.]

the amount of the said execution without stay of execution, as witness our hands and seals the 9th day of February 1835.

"JOHN JAMISON, [SEAL.]
"ROBERT CALLAN, [SEAL.]"

On the 3d of April 1835, John Jamison, the above defendant, confessed judgment before Samuel Scott, Esquire, in favour of Pinney and Purdy, for the sum of 30 dollars 66 cents with costs of suit. On the 8th of November 1833, execution issued to constable Graham, and returned "not acted on;" 28th of January 1834, *al.* execution to constable Graham, returned " with bail to 16th of February next." These returns entered on justice's docket, "defendant paid debt and costs all if money accepted." After which the following executions were issued, to wit : 26th of December 1834, *pluries* execution to constable Graham for 10 dollars 71 cents with costs, and indorsed " Mewhorter, constable, 1 dollar 75 cents;" this execution not returned; 29th January 1835, second *pluries* execution at the request of constable Mewhorter for 14 dollars 47 cents, including costs, upon the back of which execution is the following entry, "February 9th 1835, levy three head of cow cattle ;" no return is made of this execution ; 23d February 1835, third *pluries* execution to John Mewhorter, constable, at request of said constable, for 16 dollars 29 cents. It is agreed that said John Mewhorter was cognizant of the fact that satisfaction was entered as stated on the justice's docket, as above stated, previous to the issuing of the three last mentioned executions ; and that on the said 9th day of February 1835 (the day on which the above recited writing was executed) said Mewhorter, constable, told defendant that he must have a levy, and that the judgment on squire Scott's docket remained open against him.

The following are the proceedings had on the original suit before squire Scott, removed by *certiorari* into the common pleas of Westmoreland county:

John Jamison, plaintiff. in error, *v.* Penny and Purdy ; No. 2, of November term 1835, in the common pleas of Westmoreland county. *Certiorari* to justice Scott to remove all proceedings, &c. 12th of April 1836, proceedings reversed upon the following exception filed, to wit : " the justice erred in issuing execution after satisfaction had been entered on his docket for debt and costs." If the court should be of opinion, from the above statement of facts, that the law is with the plaintiff, then judgment to be entered for the plaintiff for costs only ; but if the court should be of opinion that the law is in favour of the defendant, then judgment to be entered for the defendant.

The court below (White, President) rendered a judgment for the defendant.

*Nichols*, for plaintiff in error.
*Armstrong*, for defendant in error.

[Mewhorter v. Jamison.]

The opinion of the Court was delivered by

SERGEANT, J.—The court of common pleas, on *certiorari*, set aside the execution and levy and proceedings thereon, on the ground that the justice erred in issuing execution after satisfaction had been entered on the docket for debt and costs. After this judgment of reversal, no recovery could be had upon the forthcoming bond on which this suit was instituted. But it is contended that the plaintiff, the constable, was entitled to recover the costs. And if he had merely acted in his ministerial capacity in the levy and taking of the bond, there might be some reason for it. But it would seem by the record that it was at his instance the execution was issued, and that he was previously cognizant of the fact that satisfaction had been entered. It was, therefore, his own act, and he is to be considered in the same light as if he were a party. The satisfaction, it is true, was qualified by the condition, "if the money accepted." But no evidence appears to show that the money was not accepted. Nine or ten months elapsed without any steps taken to vary the entry of satisfaction on the justice's docket; and the judgment of the court of common pleas in reversing the proceedings on the execution, is conclusive that satisfaction had been entered. If it be surmised that the constable was personally fixed by not returning a previous execution, and proceeded in order to indemnify himself; then the case of Arbingast *v.* Houk, 6 *Watts* 228, applies, in which it is decided, that a constable who, through neglect of duty, becomes liable for and pays the amount of an execution directed to him, cannot recover it from the original defendant. We are of opinion that the court below committed no error in entering judgment for the defendant on the case stated.

Judgment affirmed.