## COTTINGHAM et al. v. HALL et al.
### No. 3216.

Circuit Court of Appeals, Fourth Circuit.
Jan. 12, 1932.

Henry E. Davis, of Florence, S. C., and Washington Bowie, Jr., of Baltimore, Md., for appellants.

F. L. Willcox and A. L. Hardee, both of Florence, S. C. (W. T. Shore and N. A. Townsend, both of Charlotte, N. C., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a suit in equity brought in the District Court of the United States for the Eastern District of South Carolina by the appellees, who will be herein referred to as plaintiffs, against the appellants, who will be herein referred to as defendants. The cause was referred to a special master, who reported against the defendants. This report was adopted and confirmed by the learned judge below, who entered judgment in favor of the plaintiffs for $8,898.50 and costs. From this action this appeal was brought.

O. T. Hall, a resident and citizen of Lake City, S. C., died there on August 23, 1915, leaving as his sole heirs at law his widow, Kate Hall, and his children, Clarence Hall, Ida Virginia Hall, Kathleen Hall (now Turvey), Dorothy Hall, Rose Hall, and John Hughes Hall. On September 7, 1915, T. J. Cottingham was appointed by the probate court of Florence county, S. C., as administrator of the estate of said Hall, and on the same day he executed and filed with that court an administration bond in the sum of $20,000

with Fidelity & Deposit Company of Maryland as surety thereon. Ida Hall, Kathleen Hall (now Turvey), Dorothy Hall, Rose Hall, and John Hughes Hall were then minors, and on their application and that of their mother, dated August 27, 1915, T. J. Cottingham was appointed by the probate court of Florence county, S. C., as guardian of their estates on September 3, 1915. Cottingham, as guardian, executed a bond in the sum of $20,000, dated August 31, 1915, with Fidelity & Deposit Company of Maryland as surety thereon, which bond was duly filed in the probate court of Florence county.

The plaintiffs claimed that the defendant, T. J. Cottingham, had failed to properly account for and pay over the moneys that came into his hands as administrator and guardian. The defendant, T. J. Cottingham, claimed that he had properly performed his duties, both as administrator and guardian, and had been finally discharged in such fiduciary capacities by the judge of probate for Florence county, S. C. The defendant, the Fidelity & Deposit Company, in its answer set up the final discharges above mentioned, and claimed such discharges were final adjudications, and as such not subject to collateral attack in a federal court.

The special master and the judge below found against the defendants.

It is strongly contended on behalf of the defendants that the federal court has no jurisdiction of the cause.

The necessary requisites, as to diverse citizenship, and the amount involved being admitted, the jurisdictional question is limited to the point that federal courts have no jurisdiction in matters of probate administration. In an exhaustive and well-considered opinion the judge below considered this point, and reached the conclusion that while federal courts may not take jurisdiction in cases involving the probate of a will or cases attempting to disturb the possession of an estate properly in the hands of a state probate court or involving the conclusiveness of judgments of state courts in such matters, yet where, as here, the suit is simply a suit by distributees, seeking to establish their right to their shares, and enforce such rights against a fiduciary and his surety, a federal court has jurisdiction. In support of his conclusion the court below cites the following cases: Epperson v. Jackson, 83 S. C. 157, 65 S. E. 217; Beatty v. National Surety Co., 132 S. C. 45, 128 S. E. 40; Chapman v. Smith, 133 S. C. 122, 130 S. E. 212; Green's Adm'x v. Creighton, 23 How. 90, 106, 16 L. Ed. 419; Walker v.

Walker, 9 Wall. 743, 754, 19 L. Ed. 814; Ingersoll v. Coram, 211 U. S. 335, 360, 29 S. Ct. 92, 53 L. Ed. 208; Sutton v. English, 246 U. S. 199, 205, 38 S. Ct. 254, 62 L. Ed. 664; Security Trust Co. v. Black River National Bank, 187 U. S. 211, 228, 23 S. Ct. 52, 47 L. Ed. 147; Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260; Borer v. Chapman, 119 U. S. 587, 7 S. Ct. 342, 30 L. Ed. 532; Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867; Waterman v. Canal-Louisiana Bank & Trust Co., 215 U. S. 33, 30 S. Ct. 10, 12, 54 L. Ed. 80; Suydam v. Broadnax, 14 Pet. 67, 10 L. Ed. 357; Hyde et al. v. Stone, 20 How. 170, 15 L. Ed. 874; Lawrence v. Nelson, 143 U. S. 215, 12 S. Ct. 440, 36 L. Ed. 130; Farrell v. O'Brien, 199 U. S. 89, 25 S. Ct. 727, 50 L. Ed. 101; McClellan v. Carland, 217 U. S. 269, 30 S. Ct. 501, 54 L. Ed. 762.

We agree with the conclusion of the judge below. Here the fiduciary claimed to have completed the administration of his trust, and further claimed that nothing was due the plaintiffs. To settle this issue was in no way an administration of the estate. While a federal court has no power to take possession of the property held by a state court, or to take over the administration of an intestate estate, the court, acting in equity, does have power to enforce a trust as against a fiduciary and award relief against him, where, as here, the administration has been completed and he has funds in his hands belonging to the distributees, for which he has failed to account.

In the case of Waterman v. Canal-Louisiana Bank & Trust Co., supra, Mr. Justice Day, in discussing the question of the jurisdiction of the courts of the United States to entertain suits against administrators, said: "* * * The general rule to be deduced from them is that, inasmuch as the jurisdiction of the courts of the United States is derived from the Federal Constitution and statutes, that, in so far as controversies between citizens of different states arise which are within the established equity jurisdiction of the Federal courts, which is like unto the high court of chancery in England at the time of the adoption of the Judiciary Act of 1789 * * * the jurisdiction may be exercised, and is not subject to limitations or restraint by state legislation establishing courts of probate, and giving them jurisdiction over similar matters. This court has uniformly maintained the right of Federal courts of chancery to exercise original jurisdiction * * * in favor of creditors, leg-

atees, and heirs, to establish their claims and have a proper execution of the trust as to them."

An examination of decisions relied upon by appellants show them to be cases where it was sought to take over the administration of estates and exercise functions properly belonging to probate courts or show them to be contrary to the overwhelming weight of authority.

There was here no such order of final adjudication and discharge of the fiduciary as would preclude action by a federal court. The equitable jurisdiction of a federal court, in matters of this kind, cannot be limited or abridged by a state statute. Henrietta Mills Co. v. Rutherford County, 281 U. S. 121, 50 S. Ct. 270, 74 L. Ed. 737. The master found that there were no orders or decrees of the probate court discharging Cottingham and that a memorandum purporting to be such an order had no weight. This finding was approved by the court and is supported by the record. As there was no attempt here to take possession of any res, there is no violation of the rules of comity.

The decree of the court below was right, and the judgment is accordingly affirmed.