732.

## LADD v. TALLMAN et al.
### No. 3275.

Circuit Court of Appeals, Fourth Circuit.
June 13, 1932.

James M. Barrett, Jr., of Fort Wayne, Ind., and Austin V. Wood, of Wheeling, W. Va. (George R. E. Gilchrist, of Wheeling, W. Va., on the brief), for appellants.

J. M. Ritz and J. Bernard Handlan, both of Wheeling, W. Va., for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an appeal from a final decree, entered in the District Court of the United States for the Northern District of West Virginia, at Wheeling, in a suit in equity, in which the appellants were plaintiffs below and the appellee was the defendant below.

The suit involved the will of one Albert P. Tallman and the disposition and administration of his estate, and has already been before this court twice. Tallman v. Ladd et al., 5 F.(2d) 582, and Tallman v. Ladd et al., 41 F.(2d) 1015.

A copy of the will in question, the conditions that existed at the time of the filing of the suit, and the allegations of the bill will be found in the opinion of this court in Tallman v. Ladd et al., 5 F.(2d) 582. Reference to a special master was ordered by the judge below, and the special master, after a full hearing, in an able and exhaustive re-

port, held that appellee had, in the administration of her husband's estate, acted in the "best of faith"; had been wisely counselled and advised; and had made full, complete, and regular settlements, both as executrix and guardian in the county court of Ohio county, W. Va., that being the court vested with sole jurisdiction to administer fiduciary accounts in West Virginia.

The judge below, after hearing on exceptions to the special master's report, entered a decree confirming the report, from which action this appeal was brought.

It is contended on behalf of the appellants that there were not proper findings of fact and conclusions of law made by the court, and that the special master should have gone in detail into the settlements made by appellee before the county court of Ohio county.

An examination of the record shows that the court below made findings of fact and conclusions of law amply sufficient to comply with Equity Rule 70½ (28 USCA § 723).

█ It has been repeatedly held, and we know of no decision to the contrary, that federal courts may not take jurisdiction in cases involving the probate of a will or cases attempting to disturb the possession of an estate properly in the hands of a state probate court or involving the conclusiveness of judgments of state courts in such matters. Kieley v. McGlynn et al., 21 Wall. 503, 22 L. Ed. 599; Stone v. Simmons, 56 W. Va. 88, 48 S. E. 841; Page v. Huddleston, 98 W. Va. 104, 126 S. E. 579; Byers v. McAuley et al., 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867; Waterman v. Canal-Louisiana Bank & Trust Co., Executor, etc., 215 U. S. 33, 30 S. Ct. 10, 13, 54 L. Ed. 80.

As was said by Mr. Justice Day in Waterman v. Canal-Louisiana Bank & Trust Co., supra: " * * * For it is the result of the cases that, in so far as the probate administration of the estate is concerned in the payment of debts, and the settlement of the accounts by the executor or administrator, the jurisdiction of the probate court may not be interfered with. * * * "

A discussion of this principle by this court will also be found in Cottingham v. Hall, 55 F.(2d) 664. The judge below was clearly right in holding that the settlements made by the appellee in her fiduciary capacity could not be interfered with.

█ It is also contended, on behalf of appellants, that the judge below was in error in decreeing certain costs against the appellants.

Questions of costs in equity are discretionary, and the court's action is presumptively correct. Newton v. Consolidated Gas Co., 265 U. S. 78, 44 S. Ct. 481, 68 L. Ed. 909; The Scotland, 118 U. S. 507, 6 S. Ct. 1174, 30 L. Ed. 153; Kittredge v. Race et al., 92 U. S. 116, 23 L. Ed. 488; Ex parte Peterson, 253 U. S. 300, 40 S. Ct. 543, 64 L. Ed. 919.

Here we are of the opinion that the action of the judge in apportioning the costs was not only presumptively, but actually, correct.

The decree of the court below is therefore affirmed.