## EQUITABLE TRUST CO. v. SCHWEBEL.

### No. 702.

District Court, E. D. Pennsylvania.

March 11, 1940.

Paul Freeman, Albert L. Hood, Jr., and Freeman, Fox & Steeble, all of Philadelphia, Pa., and John Lloyd, Jr., and Thompson & Hanstein, all of Atlantic City, N. J., for plaintiff.

Louis Sherman, of Philadelphia, Pa., for defendant.

BARD, District Judge.

Complaint and answer having been filed, plaintiff, a co-trustee, filed a motion (1) for judgment against defendant, the other co-trustee, on the pleadings; (2) to enter an order directing defendant to render a just, full, true and proper accounting in detail; (3) to order defendant thereafter to submit himself to such further orders as may be entered in the premises.

Both parties agree that this court has jurisdiction founded on diversity of citizenship and the amount involved.

The undisputed facts ascertained from the pleadings are as follows: In settlement of a will contest in the estate of Frank Swoboda, who died on May 15, 1927, a resident of the State of New Jersey, an agreement of settlement was entered into January 12, 1928, between the beneficiaries of the decedent estate and the decedent's widow, Marie Swoboda, then and now a resident of the State of New Jersey. Pursuant to its terms a trust fund of $40,000 was created. The money was invested in six per cent mortgage securities covering seven different parcels of real estate in the City of Philadelphia. It was agreed that the net income shall be paid to the widow Marie Swoboda for and during the term of her natural life. By an indenture dated February 20, 1928, the donors named the plaintiff and the defendant in this proceeding trustees of the fund. Plaintiff is a corporation organized and existing under the laws of the State of New Jersey and has its principal office in Atlantic City in that State. Defendant is now a citizen of the Commonwealth of Pennsylvania, domiciled in Philadelphia, and is a member of the bar of this court. The trustees entered upon their duties and the bonds and mortgages composing the corpus or principal of the trust estate were duly conveyed to them.

The complaint filed by the plaintiff alleges these additional facts: The defendant is an active practicing attorney at law in Philadelphia, the situs of all the properties which were subject to the liens of the mortgages securing the bonds which compose the corpus of the trust. By reason of this the defendant has collected all income from the trust property and in the past made certain expenditures incident to the management of the trust. Formerly it was

the custom of the defendant to remit to the plaintiff certain sums of money. The plaintiff as co-trustee has no knowledge of the details of the receipts and expenditures, all of which are and have been exclusively in the sole possession of the defendant, the other co-trustee. The defendant has in his sole charge and possession all leases, vouchers, receipts and all other documents pertaining to the trust and has all the detailed data pertaining to receipts and expenditures. Marie Swoboda, the beneficiary of the trust, has demanded that an accounting of the trust be made and given, and that the full, true and correct details of all receipts and expenditures be furnished. Plaintiff has no knowledge of the details concerning the receipts and expenditures, and for many years past has had no details or data from the defendant, who has failed and refused to supply the information to the plaintiff, the co-trustee, or to the beneficiary and has failed and refused to permit the plaintiff or its attorneys or agents to examine any books, records, leases, receipts or documents in order that it may prepare a proper accounting of the trust estate. Since November 1, 1934, the defendant has remitted a total of $75, whereas in the years from 1928 to November 1, 1934, inclusive, he had remitted the total of $10,-801. The defendant has collected more than $3,000 income of the trust estate which he has not remitted either to the plaintiff or the beneficiary nor has he otherwise accounted for it, and the plaintiff is helpless and unable to perform its full duties as trustee either in filing an account or in remitting to the beneficiary any income to which she is entitled. Likewise, the beneficiary is unable to obtain an accounting and receive any income. All of which the plaintiff alleges is due to the defendant's total disregard to his obligations and duties as a co-trustee of the trust.

The defendant in the answer alleges these facts: The defendant foreclosed the mortgage on the premises 1221 N. 42nd Street, obtained a deed and the possession of the premises. The defendant obligated himself personally to the sheriff for the payment of delinquent and current taxes and the defendant to this day has been unable to discharge fully his debt to the sheriff. The defendant advanced his own money, exceeding $700, and although the rental received from the premises has been between $70 and $75 per month, there is still due the defendant over $450 of the original outlay of $700. The defendant avers that because of money due him for his investment and because of unpaid taxes amounting to $1,800 he is withholding further remittances to the plaintiff and the beneficiary. The defendant avers that he furnished the plaintiff with a complete summary of the amounts received and expended in the operation of these particular premises. He avers that he had accounted for all the sums with sufficient detail to enable it to state an accounting to the beneficiary.

From the pleadings filed, I can not agree with the defendant that he has performed his full duties as a co-trustee. His answer states that he has furnished the plaintiff with a complete summary of the amounts received and expended, but at no place does he attach a copy of his figures as an exhibit to his answer. He makes the general statement that he advanced over $700 of his own money to make the premises habitable; that the premises produced between $70 and $75 per month rent; that there is still due him over $450; and that the taxes due are over $1,800. Such generalities are not proper accounting. He should give specific figures. While he avers that he has provided the plaintiff with sufficient data to enable it to set up an accounting to the beneficiary, a careful perusal of the pleadings and of the exhibits attached disclose no such information. None of the exhibits set forth a specific detailed account of income received and expenditures made. In the entire answer, mention is made of only three of the seven mortgages. There is no explanation of the remaining four mortgages. A full disclosure of all the facts and figures may reveal there is nothing due and owing from the defendant to the trust estate, but detailed, specific figures are nowhere given to enable this court to ascertain whether or not that is the fact.

In Wilson v. Board of City Trusts, 324 Pa. 545, 556, 188 A. 588, 594, the Supreme Court of Pennsylvania said: "The law is clear that a trustee may compel his cotrustee to permit an examination, inspection, and audit of the records of the trust estate and all matters in connection therewith that he may perform the duties with which he is intrusted and for whose exercise he is responsible. See Adams' Estate, 221 Pa. 77, 70 A. 436, 128 Am.St.Rep. 727, 15 Ann. Cas. 518; Somers v. Hanson, 5 Phila. 87; Syfert's Estate, 9 Phila. 320; [4] Bogert, Trusts & Trustees, § 961; Sloo v. Law, 3 Blatchf. 459, Fed.Cas.No.12,957. In Bo-

gert, op. cit. supra, it is stated: 'If one trustee excludes the others from access to the books of the trust, they may obtain relief.' "

It is the duty of a trustee to give the beneficiary complete and accurate information of the trust and to permit him or a duly authorized person to examine the trust securities, accounts, vouchers and other documents if the beneficiary so requests, 1 Restatement, Trusts, § 173 and comment a. In the Wilson decision, supra, the Supreme Court of Pennsylvania, 324 Pa. at page 556, 188 A. 588, has stated that a co-trustee who has not been given the data to which he is entitled has the same right to enforce its production as has the beneficiary of the trust.

In the instant case the plaintiff alleges that the beneficiary has also demanded an accounting but the defendant has failed and refused to supply this information either to the co-trustee or the beneficiary.

"Co-trustee. If there are several trustees, one or more of them can maintain a suit against another to compel him to perform his duties under the trust, or to enjoin him from committing a breach of trust, or to compel him to redress a breach of trust committed by him. A trustee is not precluded from maintaining such a suit by the fact that he himself participated in the breach of trust, since the suit is on behalf of the beneficiary." 1 Restatement, Trusts, § 200, Comment d.

In Harris v. Silvis, 86 Pa.Super. 222, the beneficiary demanded an accounting of the trustee. The language of the opinion by Judge, now President Judge, Keller is very apt to the present proceeding. 86 Pa.Super. at page 225, 226: "It was, of course, the duty of the defendant as trustee to keep the plaintiffs fully informed of his actions under the trust agreement, to account to them whenever requested, and on the completion of his duties to give them a full, complete and detailed statement or account of his operations without any request or demand for the same. Defendant, an attorney, well knew this and the form of an account to which plaintiffs were entitled. They were entitled to know the dates when he had sold the several properties deeded to him as trustee, to whom sold, the money received by him, on what account received, and when, and the disposition made by him of the fund, showing the date when each payment was made, the payee, the purpose of the payment and the amount, accompanied by vouchers or evidences of payment if requested. Defendant averred and testified that he had furnished plaintiffs statements of account from time to time, but he presented in evidence no form or copy of any such account, and we agree with the referee that the evidence fails to sustain his contention that he rendered them any adequate account. The account presented with his answer is, as to the debit side, a mere travesty. Except for the $1,-455 received from the Charleroi Bank and $100 received from Max Wolf, it does not contain a date. It does not mention to whom any of the properties were sold or from whom moneys were received. It lumps, without any dates or names, the rents received from the Pricedale property—which, by the way, were admitted to be $25.10 short of the amount actually received,—and from the Farrell property, and it is impossible to learn from the account what moneys were in the hands of the trustee at any given date. This was important for the defendant claimed to have advanced the trust estate $300 from his own funds at one time and $236.61 at another * * *."

In Wheeler's Assigned Estate, 287 Pa. 416, 419, 135 A. 252, 253, the Pennsylvania Supreme Court said: "The courts should be alert to see that trustees account to those entitled to an accounting, for it is one of the duties of a trustee to keep the cestuis que trust fully informed of his actions, and to account when requested."

This is a trust "inter vivos", the trustees were not appointed by any court, and the trust "res" is within the jurisdiction of this court. Under the decisions above cited there is no doubt that the plaintiff is entitled to complete and accurate information as to the nature and amount of the trust property and its administration, including a full, complete and detailed statement of account of the defendant's operations in connection with the trust.

The motion of the plaintiff praying that defendant be ordered to render a just, full, true and proper accounting in detail concerning all receipts and expenditures in any manner touching said trust fund from February 28, 1928, to the present time is hereby granted, and upon compliance therewith by the defendant within twenty days after the entry of a formal order, in accordance with this opinion, the defendant is ordered to produce, and permit plaintiff, its agents, at-

torneys and accountants, to inspect and to photograph or copy all books, papers, leases, contracts, checks, receipts, vouchers, deeds, bonds, mortgages and all other papers and documents in any manner touching the said trust estate and its care and management from February 28, 1928, to the present time. Upon full compliance with the order by the defendant, leave will be granted to the plaintiff to renew the other prayers of the complaint if justice and equity so warrant.