# EQUITABLE TRUST CO. v. SCHWEBEL.
## No. 702.

District Court, E. D. Pennsylvania.

Aug. 12, 1941.

Paul Freeman of Freeman, Fox & Steeble, all of Philadelphia, Pa., for plaintiff.

Louis Sherman, of Philadelphia, Pa., for defendant.

BARD, District Judge.

Plaintiff and defendant are trustees of an inter vivos trust. Plaintiff is a resident of New Jersey and defendant, though in the trust indenture termed a resident of New Jersey, is now a resident of Pennsylvania. The beneficiary of the trust, Marie Swoboda, is a resident of New Jersey. The income from six per cent mortgage securities covering six parcels of Philadelphia, Pennsylvania, real estate is reserved to the beneficiary.

Plaintiff originally complained of the defendant's failure and refusal to account for income received by the defendant, who as a resident of Philadelphia, was given active management of the trust. An accounting was ordered, had, and audited as a result of which defendant was ordered to pay a specified amount into a designated trust account, D.C., 32 F.Supp. 241, affirmed, 3 Cir., 117 F. 2d 738, and see Master's report affirmed by the Court, unreported.

Plaintiff now petitions for an accounting by the defendant for income from the trust properties since May 31, 1940, for imposition of a penalty upon the defendant, for imposition upon defendant of all costs pertinent to the accounting and audit, for deposit in the trust's bank account of all trust funds possessed by the defendant, for transfer of the trust's bank account to a New Jersey bank, and for an order requiring defendant to submit himself to the jurisdiction of the Chancery Court of New Jersey wherein the plaintiff, before commencing the instant action, had instituted proceedings looking to its discharge as trustee and to determination of income due the beneficiary.

According to the trust indenture defendant, at that time, as well as plaintiff, was a resident of New Jersey. Defendant was a practicing attorney in Philadelphia, however, and so was accorded active management of the trust properties. Legal title to these properties was conveyed to the trustees jointly.

It now appears that both trustees are desirous of obtaining their discharge, in which event, under the trust indenture, the donors may select new trustees. Of more vital concern is the fact that the beneficiary, for some years, has failed to receive the income assured her and allegedly is in financial straits. This latter circumstance is the consequence partly of defendant's misconception of the proper application of trust income and partly of the continuous inability of the trustees to cooperate in execution of their duties.

▊▊ I am decided that a decree should be entered enjoining the defendant to submit himself to the jurisdiction of the Chancery Court of New Jersey for determination of further matters pertaining to this trust. The equitable duties voluntarily and willingly assumed by the defendant included the duty to submit to the jurisdiction of the state where the trustees and beneficiary were then resident, the beneficiary and cotrustee now being their resident, and wherein proceedings relative to administration of the trust have been instituted. Though the defendant may deny the existence of such a duty and argue that the problems incidental to administration can be adjudicated in his forum, I am not willing to accord him such a convenience at the expense of the other parties, especially in view of his established delinquencies in execution of his trust.

▊ The contention that the trust is one concerning the administration of which only courts of Pennsylvania can adjudicate is without force. Whatever may be the nature of mortgages as between mortgagor and mortgagee, as to all other persons mortgages are deemed personal property and therefore governed by the principle mobilia sequuntur personam. Harper v. Consolidated Rubber Co., 284 Pa. 444, 131 A. 356; Gallagher v. Rogan, 322 Pa. 315, 185 A. 707; Bulger v. Wilderman, 101 Pa.Super. 168; Eldredge v. Eldredge, 128 Pa.Super. 284, 194 A. 306. In view of this, Pennsylvania is not the sole competent jurisdiction; resort properly was had to the courts of New Jersey. I am cognizant of the fact that defendant has procured a foreclosure on one mortgage, and that a sheriff's deed

has been issued in the names of the two trustees. It is my conclusion, however, that this circumstance does not operate to deprive the New Jersey Court of jurisdiction over the administration of the trust.

The fact that the beneficiary and one trustee reside in New Jersey and the fact that an action, in which all matters pertaining to determination and distribution of income and to discharge or removal of trustees can be determined, had been instituted in New Jersey before the instant action was begun, demonstrate the wisdom of the plaintiff's petition for support of and assistance to the New Jersey proceeding.

 Equity acts in personam. Therefore the relief sought and decided upon is not foreign to precedent. Furthermore there is direct authority to the effect that a party subject to the jurisdiction of this court can be ordered to institute, defend or appear in proceedings in another state. Restatement of the Law of Conflict of Laws, § 95; Sweeny v. Hunter, 145 Pa. 363, 22 A. 653, 14 L.R.A. 594; Schmaltz v. York Manufacturing Company, 204 Pa. 1, 53 A. 522, 59 L.R.A. 907, 93 Am.St.Rep. 782; Nippon Ki-Ito Kaisha, Ltd., v. Ewing-Thomas Corporation, 313 Pa. 442, 170 A. 286, 93 A.L.R. 1067.

██ As regards the other prayers of plaintiff's present petition, with exception of that relative to the court costs of the instant proceeding and to transfer of the trust account, I am decided that they more properly should be made in the New Jersey proceeding. Particularly is this true of the allocation of the expenses of the audit had in this court. This audit, which should be made available to the New Jersey Court, may prove of assistance there. In view of this, that court will be better able to ascertain whether the defendant should be surcharged or whether the estate should bear this expense. Transfer of the trust account from the Land Title Bank and Trust Company of Philadelphia, Pennsylvania, to a bank within the jurisdiction of the New Jersey Chancery Court will facilitate the exercise of that jurisdiction. A decree will be entered requiring defendant and plaintiff to execute such a transfer to whatever banking institution may be designated by the court wherein the plaintiff has instituted proceedings.

██ With regard to the court costs of the instant proceeding, I am decided that the defendant should pay them. His reluctance to cooperate required the plaintiff to resort to this court for enforcement of defendant's obligation.

Had all of the now apparent circumstances been disclosed originally, I am constrained to note that a prayer for an order requiring defendant to submit to the New Jersey court would have been in order and would have been granted. However this may be, the time continues opportune for such submission.

This proceeding will not be finally closed, however, but will remain open until such time as the jurisdiction to which it now becomes ancillary has been exercised.

A decree in conformance herewith may be submitted.