## EQUITABLE TRUST CO. v. SCHWEBEL.

### No. 7886.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 19, 1942.

Decided Mar. 23, 1942.

Paul Freeman, of Philadelphia, Pa. (Freeman, Fox & Steeble, of Philadelphia, Pa., on the brief), for appellant.

Louis Sherman, of Philadelphia, Pa., for appellee.

Before BIGGS, CLARK, and GOODRICH, Circuit Judges.

CLARK, Circuit Judge.

Plaintiff and defendant are co-trustees of an inter vivos trust. At the time of the trust settlement the trustees and beneficiary were all New Jersey residents. The defendant is now a resident of Pennsylvania and a member of the bar of that state. Since the trust corpus consists of mortgages on real estate situated in Pennsylvania, the defendant has become the sole manager of the trust. The plaintiff originally sought an accounting of the defendant in the Federal District Court of Pennsylvania. A special master was appointed for the accounting. An accounting of the trust management up to May 31, 1940 was had and the defendant was ordered to pay a specified amount into a designated fund.[1] Plaintiff then brought a proceeding in the New Jersey Chancery Court to be discharged as trustee. An accounting was of course a prerequisite to the granting of a discharge. Because the active management of the trust was still solely in defendant's hands, plaintiff could not account for trust funds subsequent to May 31, 1940 without the aid of the defendant. Plaintiff then again returned to the Federal District Court of Pennsylvania. This time plaintiff requested that the court enjoin the defendant to submit to the jurisdiction of the New Jersey Chancery Court. This prayer was granted[2] but the court below refused the additional request that defendant be surcharged for the expense of the previous hearing before the special master and for the use of money he had been ordered to pay into a special fund.[3] The plaintiff has appealed the denial of the latter request.

We think the learned District Judge quite wisely refused to pass upon the plaintiff's request for a surcharge at this time. Rather that matter should be left for the New Jersey Chancery Court into whose lap the possession and control of the trust res has passed. The Federal Court now exercises merely ancillary jurisdiction with respect to the trust. The New Jersey Chancery Court has undertaken an accounting of the trust for the entire period of its existence. The accounting previously made by the special master of the Pennsylvania District Court covers but a part of that period. As such, it may be of some help to the New Jersey Chancery Court. Since the present accounting will be for a longer period than that previously made before the special master, the New Jersey Chancery Court will presumably be in possession of more facts than the court below. It should therefore be better able to decide the question of surcharge. If the New Jersey Chancery Court refuses to act on this matter, plaintiff will not be injured, since the proceeding in the court below

---

[1] Equitable Trust Co. v. Schwebel, D.C., 32 F.Supp. 241, affirmed 3 Cir., 117 F.2d 738.

[2] Equitable Trust Co. v. Schwebel, D.C., 40 F.Supp. 112.

[3] Opinion and decree of November 14, 1941, Appendix to Appellant's brief, p. 85.

has not been terminated but will remain open until the question is settled.

The problem is not a jurisdictional one over the exclusive authority to control a res.[4] Although the court below might have surcharged the defendant,[5] it certainly did not abuse its discretion in refusing to pass upon the matter at this time.

The decree of the District Court is affirmed.

---

[4] Harkin v. Brundage, 276 U.S. 36, 48 S.Ct. 268, 72 L.Ed. 457; Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871; Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077.

[5] Newberry v. Wilkinson, 9 Cir., 199 F. 673; Hall v. Cottingham, D.C., 55 F.2d 659 and Cottingham v. Hall, 4 Cir., 55 F.2d 664; Ross v. Beacham, D.C., 33 F. Supp. 3.