**Margaret SMITH, Petitioner,**

v.

**Wilbur T. SMITH, Defendant.**

**Civ. A. No. 67–C–13–R.**

United States District Court
W. D. Virginia,
Roanoke Division.

Aug. 8, 1967.

Erwin S. Solomon, Hot Springs, Va., and J. Forester Taylor, Staunton, Va., for plaintiff.

Fletcher D. Watson, Roscoe B. Stephenson, Jr., Stephenson, Kostel, Watson & Carson, Covington, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on defendant's motion to dismiss on the grounds that the court lacks jurisdiction to compel an accounting in the administration of an estate. The jurisdictional requirements of diversity of citizenship and amount in controversy have been met. The facts are as follows:

On August 15, 1962, Robert C. Smith died intestate. He was a resident of Virginia at the time. Prior to his death the decedent had obtained a divorce from plaintiff and had entered a property settlement agreement with her. After decedent's death, the defendant, Wilbur T. Smith, decedent's brother, qualified as administrator and proceeded to administer decedent's estate. Defendant posted bond with the United States Fidelity and Guaranty Company. Defendant filed a copy of the inventory and appraisement of decedent's estate and by letter dated October 5, 1962, informed the attorneys representing plaintiff at that time that plaintiff's claim based on her property settlement agreement with decedent was rejected. On January 9, 1963, plaintiff's attorney asked defendant whether the decedent had any stock in the Alleghany Milling Company. Defendant advised plaintiff that decedent had disposed of his stock in the Alleghany Milling Company on July 4, 1960. In June, 1963, plaintiff filed a formal claim with the defendant and by letter dated December 11, 1963, the defendant again rejected plaintiff's claim. On August 5, 1964, plaintiff and the two heirs at law filed a petition in the Circuit Court of Alleghany County, Virginia, against defendant praying that defendant be required to answer questions concerning the Alleghany Milling Company stock and for "other further and general relief." It appears from the pleadings that this action is still pending in the state court.

On October 1, 1965, defendant filed his Final Settlement of Accounts with the Commissioner of Accounts of the Circuit Court of Alleghany County, Virginia. Defendant also on that date assigned and delivered all of decedent's other stock and a check for $11,132.43 to one of plaintiff's attorneys. The Commissioner of Accounts approved defendant's Final Settlement of Accounts. Plaintiff here seeks to recover under the property settlement agreement praying "that the accounts of the said Wilbur T. Smith, be surcharged and falsified as to the matters herein alleged, that all proper accounts be taken, that plaintiff may have a decree for the aforesaid capital stock or the value thereof, and such further relief as may be proper."

The dispute involves the question whether the Alleghany Milling Company stock was part of decedent's estate. De-

fendant contends that decedent signed the Alleghany Company stock certificates and transferred them to defendant and that defendant delivered the certificates to the American Security and Trust Company, Washington, D. C., as collateral security for a loan to decedent. Plaintiff disagrees claiming that after the certificates were pledged to the said bank as collateral security and upon payment of the debt by defendant, the certificates were, in fact, mailed to defendant who filled in his name in the assignment.

Plaintiff contends that the court has jurisdiction regardless of any state court proceedings in the matter because she seeks to establish an interest in or claim against decedent's estate through an in personam judgment. Defendant, however, claims the court lacks jurisdiction because plaintiff seeks to compel an accounting. In view of this conflict the court must determine whether plaintiff's claim is one for an accounting or one to establish an interest in decedent's estate.

In an early Fourth Circuit case Cottingham v. Hall, 55 F.2d 664 (4th Cir. 1932) the court held that it had jurisdiction where plaintiffs sued the administrator to account for moneys he received. There the decedent's widow claimed the administrator failed to properly account for and pay over funds that had come into his hands. The defendant claimed he had properly carried out his duties and had been finally discharged. The court held that it had jurisdiction because the plaintiffs as distributees were "seeking to *establish* their right to their shares, and enforce such rights against a fiduciary * * *." (emphasis added) 55 F.2d at 665. The court said plaintiffs' suit to make the administrator account for and pay over the moneys received by him was "in no way and administration of the estate." 55 F.2d at 665.

*Cottingham* though related to the present case may be distinguished on one point. In *Cottingham* the court held plaintiffs' action was to establish their interest in decedent's estate. Here we find that plaintiff's interest in decedent's estate has already been established. This is indicated by the fact that defendant has already turned over cash and stock to plaintiff's attorneys pursuant to plaintiff's property settlement agreement with decedent. There is no question that plaintiff's interest in whatever property defendant obtained possession of is certain. The only question here, therefore, is whether the stock in question was part of decedent's estate. As to this question we follow the Supreme Court's holding in Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939) that federal courts do not have jurisdiction when plaintiff's only contentions are as to the "administration and restoration" of the corpus rather than as to the existence of any interest. In that case which involved the conflicting assertions of jurisdiction by the Court of Common Pleas of Pennsylvania and the District Court over the administration of a trust the Court said:

> While it [the rule that whichever court, federal or state, which first assumes jurisdiction over a res may retain that jurisdiction to the exclusion of the other] has no application to a case in a federal court based upon diversity of citizenship, wherein the plaintiff seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of a state court, this is not such a case. No question is presented in the federal court as to the right of any person to participate in the res or as to the quantum of his interest in it. The contentions are solely as to administration and restoration of corpus.
> 305 U.S. at 466–467, 59 S.Ct. at 281.

The Court held that the District Court was without jurisdiction of the suit later brought in that court for the same relief.

 Here there is no question of plaintiff's right to participate in the res. She only seeks to have the court determine what property constituted the corpus of decedent's estate. This determi-

nation involves an accounting which is a purely administrative matter over which federal courts have no jurisdiction. Kittredge v. Stevens, 126 F.2d 263 (1st Cir. 1942). "As a general proposition, federal courts do not assume jurisdiction of matters which are probate in nature, even though diversity of citizenship and the requisite jurisdictional amount may be present." Eyber v. Dominion National Bank, 249 F.Supp. 531, 532–533 (W.D.Va.1966). Also see Annot., 158 A.L.R. 9, 56 (1945).

We find that while the jurisdictional requirements of diversity of citizenship and amount in controversy are met, this court does not have jurisdiction for the aforesaid reasons.

Therefore, it is adjudged and ordered that defendant's motion to dismiss for lack of jurisdiction be granted.