**Franklin D. BEATTIE, Trustee, Julia Tull Walker Trust FBO Myra H. Walker, Plaintiff,**

**v.**

**J.M. TULL FOUNDATION, Defendant.**

No. 2:96–1940–18.

United States District Court, D. South Carolina, Charleston Division.

Oct. 11, 1996.

William W. Doar, Jr., Georgetown, SC, Robert G. Howe, Richard S. Rosen, Gedney M. Howe, III, Charleston, SC, for plaintiff.

Michael Molony, Edward D. Buckley, Jr., Charleston, SC, Jay D. Bennett, Atlanta, GA, for defendant.

### ORDER

NORTON, District Judge.

This action is before the court pursuant to Plaintiff's Motion to Remand.

#### I. Background

Plaintiff is the trustee of a testamentary trust. Defendant is the remainder beneficiary of the trust. In May of 1966, the executor for the will which created the trust filed a petition in the Court of Common Pleas seeking an interpretation of the will to determine if a charitable deduction for estate purposes would be permissible for the Defendant's remainder interest in the trust. Essentially, if the tax deduction had been allowed, the life tenants would not have had the right to withdraw either stock dividends or capital gains from the trust principal. The court did not allow the tax deduction and determined that all income was to go to the life tenants.

Now, specifically, Plaintiff seeks an order confirming his understanding that, under the terms of the trust, he has the right to distribute the capital gains in the amount of approximately $1,691,827.00 from the sale of stock to the life tenants. Defendant disputes Plaintiff's right to distribute the capital gains and asserts numerous counterclaims.

Plaintiff filed his action in probate court. Defendant removed on the basis of diversity jurisdiction. Neither party disputes that the parties are diverse and the amount in controversy exceeds $50,000.00. Plaintiff moves to remand the case alleging that the probate exception to diversity jurisdiction deprives this court of jurisdiction over matters exclusively within the jurisdiction of state probate courts. Plaintiff also asserts that remanding the case to probate court will promote judicial economy.

#### II. Analysis

A federal court generally has jurisdiction over cases between completely diverse parties involving the requisite amount in controversy. However, the well-established "probate exception" to diversity jurisdiction maintains that the federal courts have no jurisdiction over matters within the exclusive jurisdiction of state probate courts. *Foster v. Carlin*, 200 F.2d 943, 947 (4th Cir. 1952); *see also Cottingham v. Hall*, 55 F.2d 664 (4th Cir.1932); *Ladd v. Tallman*, 59 F.2d 732 (4th Cir.1932). The jurisdictional matter can be decided by determining whether the action could be maintained in a state court of general jurisdiction in the state where the federal court sits. *Foster*, 200 F.2d at 947. Thus, as to matters which do not involve administration of an estate or the probate of a will, but which may be determined in a separate action *inter partes* in the courts of general jurisdiction of the state, the federal

courts have jurisdiction if the requisite diversity of citizenship exists. *Id.; see Cottingham,* 55 F.2d at 666 (finding that federal district court had jurisdiction to enforce a trust against a fiduciary where the administration of the estate had been completed); *Ladd,* 59 F.2d at 732 (acknowledging that federal courts may not take jurisdiction in cases involving the probate of wills, disturbing the possession of an estate in the hands of a state probate court, or involving the conclusiveness of judgments of state courts in probate matters).

■ The probate exception does not apply to this case. This action does not involve the administration of an estate, probate of a will, or require this court to disturb possession of an estate properly in the hands of a state probate court. Presumably, after thirty years, the estate has already been administrated and closed. Plaintiff seeks a declaratory judgment that the terms of the trust permit him to distribute the entire capital gain of the trust to the life tenant. Thus, this court must construe the terms of a trust created in a will.

■ Distribution of the trust is administration of the trust. S.C.Code Ann. § 62–7–404. Because the trust is a testamentary trust, it may be tangentially related to administration of the estate. However, simply because the trust was funded with estate assets and established by the terms of a will, the administration of the trust does not necessarily equal the administration of the estate. *See Powell v. American Bank & Trust Co.,* 640 F.Supp. 1568, 1575 n. 1 (N.D.Ind. 1986) (concluding that a fraud claim, resulting from the sale of stock from a trust, did not involve administration of an estate where plaintiffs did not request to rescind the sale but rather wanted the value of the stock.)

Again, the probate exception does not apply to this case. *See Law v. Law,* 922 F.Supp. 1106, 1109 (E.D.Va.1996) (determin-ing that federal courts have jurisdiction over suits that, while related to a probate dispute, do not actually involve the administration of an estate.); *Seay v. Dodge,* 1995 WL 557361 (N.D.Ill.1995) (citing *Georges v. Glick,* 856 F.2d 971, 972 (7th Cir.1988), *cert. denied,* 489 U.S. 1097, 109 S.Ct. 1570, 103 L.Ed.2d 936 (1989)) (concluding that the probate exception is not a hard and fast jurisdictional rule and must be narrowly construed.) Because this court has the requisite diversity jurisdiction, it has jurisdiction to determine if Plaintiff can distribute the capital gain from the trust to the life tenant.

Plaintiff also argues that because the case could only have been filed in probate court, which statutorily has exclusive original jurisdiction, this court lacks jurisdiction. The South Carolina Code provides the probate court with exclusive original jurisdiction over all subject matter related to the construction of wills and questions arising in the administration of any trust. S.C.Code Ann. §§ 62–1–302(a)(1) and 62–7–201. However, any such case may be removed to the circuit court upon certain conditions. S.C.Code Ann. § 62–1–302(c).

■ The relevant jurisdictional inquiry is not whether the action can originally be brought in a court of general jurisdiction, but whether it can be maintained there.[1] *Foster,* 200 F.2d at 947; *see Celentano v. Furer,* 602 F.Supp. 777 (S.D.N.Y.1985) (concluding that, because the state supreme court constitutionally could and had exercised jurisdiction over similar claims, the claim was not cognizable in probate court only.) Pursuant to § 62–1–302, the circuit court could have heard this action. Thus, this court has jurisdiction.

■ Plaintiff also contends that judicial economy will be advanced if this case is remanded. However, the probate court has taken essentially no action in this case other than receiving the Complaint. This court

---

1. Plaintiff disputes that this case could now be heard in circuit court because the time for removal has passed. The issue is not whether the case can now be maintained in circuit court, but whether the circuit court could have maintained the case. Nonetheless, section 62–1–302 requires a removal motion to be made not later than 10 days following the day on which all responsive pleadings must be filed. Defendant removed the case and filed his Answer in the federal district court. No responsive pleading has been filed in the probate court. Arguably, despite Plaintiff's contention, if this case were remanded, it could still be removed to circuit court.

will not impede judicial economy by maintaining jurisdiction over this action.

It is therefore,

**ORDERED,** that Plaintiff's Motion to Remand is **DENIED.** Because Defendant has demanded a jury trial, pursuant to FRCP 39(a), this case is transferred to the jury docket.

**AND IT IS SO ORDERED.**